IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE RICHARDSON, III, | ) | No. C 04-2712 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS; REQUIRING PETITIONER'S ELECTION REGARDING MIXED PETITION |
| vs. | ) ) ) | |
| BEN CURRY, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 33) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition for failure to exhaust state remedies and petitioner filed a petition for an order to stay proceedings and to hold the petition in abeyance while he exhausted his claims in state court. The court granted respondent's motion to dismiss and dismissed the petition with leave to amend. The court denied petitioner's motion to stay without prejudice in order for petitioner to file an amended petition containing only his exhausted claims.[1]

---

[1] The Ninth Circuit has now held that a court need not require that the petitioner delete the unexhausted claims prior to staying a mixed petition, as previously required by Ninth Circuit

Petitioner filed an amended petition containing his two exhausted claims and a motion to stay the amended petition while he exhausted his additional claims in state court. Thereafter, the court denied petitioner's motion to stay as moot because petitioner had exhausted his claims in the state supreme court. The court granted petitioner three extensions of time to file a second amended petition. Petitioner filed a second amended petition raising six claims for relief. The court ordered respondent to show cause why the second amended petition should not be granted. Respondent now moves to dismiss the second amended petition as untimely, or alternatively as procedurally barred, untimely or unexhausted. Petitioner has filed an opposition and respondent has filed a reply. Based upon the papers submitted, the court grants respondent's motion to dismiss in part for failure to exhaust state remedies and requires petitioner to make an election as to how he wants to resolve the issue of his unexhausted claims in this court.

## I. BACKGROUND

A Contra Costa County Superior Court jury convicted petitioner of two counts of attempted murder (Cal. Pen. Code §§ 664, 187), carjacking (Cal. Pen. Code § 215), assault with a deadly weapon (Cal. Pen. Code § 245), and kidnaping (Cal. Pen. Code §209). With enhancements for the personal use of a firearm during the commission of the offense, petitioner was sentenced to a term of life in prison with the possibility of parole, with an additional twenty-five years-to-life, on December 15, 2000. Second Amended Petition ("SAP") at 2-3; Resp. Mot., Ex.1 (Appellant's Opening Brief) at 1-2. On direct appeal, the state appellate court affirmed the judgment on August 9, 2002. Resp. Mot., Ex. II. The state supreme court denied a petition for review on July 23, 2003. Id., Ex. IV. On July 23, 2003, petitioner filed a habeas petition with the state superior court, which was denied on July 30, 2003. Id., Exs. V, VI. On September 2, 2003, petitioner filed an incomplete habeas petition in the state supreme court. Thereafter, petitioner mailed the omitted section of the petition on September 10, 2003. Resp. Ex. VII. The state supreme court summarily denied the habeas petition on May 12, 2004, with citations to In re Lindley, 29 Cal. 2d 709 (1947), In re Dixon, 41 Cal.2d 756 (1953), In re Swain, 34 Cal.2d 300,

---

cases. See Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).

304, (1949), and People v. Duvall, 9 Cal. 4th 464, 474 (1995). Id., Ex. VIII.

Petitioner mailed his federal habeas petition, alleging five claims, on June 27, 2004. The federal petition was filed in this court on July 8, 2004. Thereafter, petitioner mailed a habeas petition to the state supreme court on May 11, 2005, which was summarily denied on April 19, 2006, with citations to In re Clark, 5 Cal. 4th 750 (1993) and In re Robbins, 18 Cal. 4th 770, 780 (1998). Petitioner filed his amended federal petition, alleging two exhausted claims, on November 2, 2005. Petitioner mailed a second amended petition on December 22, 2006 alleging six claims for relief. The second amended petition was filed in this court on December 29, 2006.

## II.  DISCUSSION

Respondent moves to dismiss the second amended petition as untimely, or in the alternative to deny claims as procedurally barred, untimely, or unexhausted. In his opposition to respondent's motion, petitioner concedes that some of the claims in the second amended petition may be unexhausted. Pet.'s Opp. at 8; Resp. Reply at 9. Therefore, the court finds that the issue of exhaustion should be addressed before the remaining contentions because the parties do not dispute that the second amended petition is a "mixed" petition containing both exhausted and unexhausted claims. As set forth below, it appears that the majority of the claims in the second amended petition are not exhausted.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). A federal district court must dismiss a federal habeas petition even if it contains only a single claim as to which state remedies have not been exhausted under 28 U.S.C. § 2254(b)-(c). Rose v. Lundy, 455 U.S. at 522. Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, Id.; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. Rose, 455 U.S. at 522. If the petition contains both exhausted and unexhausted claims, that is, it is a "mixed" petition, the district court must instruct the petitioner to choose between two alternatives -- he can dismiss his unexhausted claims and proceed in federal court only with his exhausted claims, or he can request the district court to dismiss the entire petition without prejudice and exhaust his unexhausted claims in state court before returning to federal court. Brambles v. Duncan, 412 F.3d 1066, 1069-71 (9th Cir. 2005).

Additionally, district courts have the authority to issue stays and AEDPA does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal

1  habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416
2  (2005) (citing Rhines, 544 U.S. at 277-78). Therefore, a petitioner can ask the district court to
3  stay an unexhausted petition while he exhausts his unexhausted claims in state court. A
4  petitioner need not delete his unexhausted claims before asking the district court to issue a stay.
5  Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).

6  Respondent has submitted a copy of petitioner's petition for review filed in the state
7  supreme court which raised one claim: that the trial court's response to the jury's confusion over
8  the meaning of "beyond a reasonable doubt" was inadequate. Resp. Mot., Ex. III. Respondent
9  also provided a copy of petitioner's state habeas petitions filed in the state superior court and the
10 state supreme court. In his state habeas petitions, petitioner alleged three claims of insufficient
11 evidence and one claim of ineffective assistance of trial counsel. Resp. Mot., Ex. V, VII. On
12 July 30, 2003, the superior court denied petitioner's habeas petition, finding that the sufficiency
13 of evidence claims were not cognizable on habeas corpus and the ineffective assistance of
14 counsel claim was unsupported by a sufficient record. Id., Ex. VI. On May 12, 2004, the state
15 supreme court denied petitioner's habeas petition with citations to In re Lindley, 29 Cal.2d 709
16 (1947); In re Dixon, 41 Cal.2d 756 (1953); In re Swain, 34 Cal.2d 300, 304 (1949) and People v.
17 Duvall, 9 Cal.4th 474 (1995). Id., Ex. VIII.

18 After filing his federal habeas petition in this court, petitioner filed a subsequent habeas
19 petition in the state supreme court, alleging one claim - prosecutorial misconduct in admitting the
20 false testimony of witness Niyah Edwards. Resp. Mot., Ex. XI. After this court dismissed the
21 original petition with leave to amend for failure to exhaust, Petitioner filed an amended petition
22 on November 2, 2005, alleging two exhausted claims of insufficient evidence to support his
23 conviction. The court notes that these claims, alleging insufficient evidence to support
24 petitioner's conviction, may be exhausted but they are procedurally barred. As noted in the
25 court's previous order, the claims of insufficient evidence were denied in petitioner's habeas
26 petition in the state supreme court, with a citation to In Re Lindley, 29 Cal.2d 709 (1947)
27 (sufficiency of the evidence claims cannot be raised in a state habeas petition). The state
28 procedural bar rule of Lindley constitutes an independent and adequate state ground barring

1  federal review. Carter v. Giurbino, 385 F.3d 1194, 1198 (9th Cir. 2004). California state courts
2  have consistently applied the Lindley procedural bar since 1947. Id.

3        Here, respondent asserts that petitioner has re-added claims in the second amended
4  petition that were contained in the original petition and dismissed with leave to amend as
5  unexhausted in this court's order of dismissal with leave to amend, dated September 30, 2005.
6  Resp. Mot. at 12-13; Ex. X (Order Granting Respondent's Motion to Dismiss Petition; Order of
7  Dismissal with Leave to Amend; Denying Petitioner's Motion to Stay Without Prejudice (docket
8  no. 13)). Respondent contends that the following claims in the second amended petition were
9  not raised in petitioner's subsequent habeas petition to the state supreme court, and therefore are
10 not exhausted: claim two - that the trial court unconstitutionally restricted petitioner's cross
11 examination of witness Edwards in violation of the Sixth Amendment; one sub-claim in claim
12 three - that the trial court's failure to adequately respond to and clear up the jury's instructional
13 confusion rendered petitioner's trial fundamentally unfair; and three sub-claims in claim five,
14 alleging ineffective assistance of counsel. Specifically, that counsel failed to investigate and call
15 Officer Raman, failed to file a motion to modify the verdict, and failed to file a motion for a new
16 trial based on insufficient evidence. Resp. Mot. at 12-13; SAP at 8-15; 26-30.

17       Next, respondent points out that petitioner has alleged new claims in the second amended
18 petition, based on distinct factual bases than in his earlier claims. Respondent maintains that the
19 factual bases for these claims were not raised in the original or first amended petitions in this
20 court, nor presented to the state supreme court. Resp. Mot. at 13; Ex. III, VII, XI. These claims
21 include: the remaining sub-claim in claim three - that trial counsel was ineffective in consenting
22 to the trial's court's response to the jury's confusion; the sub-claims in claim four that there was
23 insufficient evidence to support petitioner's convictions (notwithstanding the earlier claims of
24 insufficient evidence to support the attempted murder and kidnaping offenses, raised in the
25 amended petition and procedurally defaulted); the remaining sub-claim in claim five - that trial
26 counsel was ineffective for failing to call petitioner's former girlfriend, Tamara Williams, as a
27 witness; and claim six - that the cumulative prejudice from the previously alleged errors requires
28 reversal. Resp. Mot. at 13; SAP at 14, 15-22, 24-25, 27-28, 30-32.

1    The court concludes that the following claims in the second amended petition are not
2    exhausted: claim two, claim three, four sub-claims in claim four, claim five and claim six. These
3    claims were not fairly presented to allege the federal constitutional basis for the claim in
4    petitioner's petition for review, nor properly raised in his two habeas petitions in the state
5    supreme court. Resp. Mot., Ex. III, VII, XI. Accordingly, respondent's motion to dismiss the
6    petition for failure to exhaust state remedies is GRANTED.

7    The court will require petitioner to consider the available options and notify the court
8    how he intends to proceed on the instant "mixed" petition, as set forth below. Petitioner must
9    decide whether he wants to:

10   (1)   Dismiss the unexhausted claims as set forth above and go forward in this action with only the remaining exhausted claims; or

11   (2)   Terminate this habeas action and complete the exhaustion of his state court claims before filing a new federal petition presenting all of his claims; or

13   (3)   Request a stay of the instant habeas proceedings while he completes the exhaustion of his unexhausted claims in the California Supreme Court. If petitioner chooses this option, he must also show that there was good cause for his failure to exhaust the claims in state court and that the claims are potentially meritorious.

16   Petitioner is cautioned that the options presented have risks which he should take into
17   account in deciding which option to choose. If he chooses option (1) and goes forward with only
18   his exhausted claims, any subsequent petition would be subject to dismissal as a second or
19   successive petition. See 28 U.S.C. § 2244(b). If he chooses option (2), to terminate this action
20   and wait until all his claims are exhausted before filing a new federal petition, his new federal
21   petition would likely be time-barred by the statute of limitations. See 28 U.S.C. § 2244(d). If he
22   chooses option (3), a stay of the second amended petition is only allowed under these conditions:
23   (1) petitioner must show good cause for his failure to exhaust the claims prior to filing the federal
24   case; (2) the unexhausted claims must not be "plainly meritless"; and (3) petitioner must not have
25   engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78. The
26   court finds that petitioner has not satisfied these conditions at this time.

27   In Rhines, the Supreme Court did not define good cause, so the court is unable to offer
28   guidance to petitioner as to what he must show to establish good cause. He may wish to simply

explain why he did not present the new claims to the state courts before filing his federal petition. As to the Rhines requirement that the unexhausted issues not be "plainly meritless," petitioner should note that federal habeas relief is available only for violations of the federal Constitution, of federal law, or of treaties. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Additionally, the court notes that petitioner's failure to act with diligence in pursuing his claims could result in the court's denying his request to stay the second amended petition.

## CONCLUSION

1.  Respondent's motion to dismiss the second amended petition (docket no. 33) is GRANTED IN PART for failure to exhaust state remedies.

2.  The court requires petitioner to choose how to proceed with his "mixed" petition containing his exhausted claims and unexhausted claims. Petitioner shall file with the court, and serve a copy on respondent, **within thirty (30) days** from the date this order is filed, a notice in which he states whether he elects to: (1) dismiss the unexhausted claims as set forth above and go forward in this action with only the remaining claims; or (2) terminate this action and return to state court to complete the exhaustion of all of his claims before returning to federal court to present all of his claims in a new petition; or (3) request a stay of these proceedings while he exhausts his state court remedies. If petitioner chooses option (3), he must submit a motion to stay the second amended petition and demonstrate the required showings in Rhines, as set forth above.

3.  If petitioner fails to timely comply with this order, the second amended petition will be dismissed without prejudice to his filing a new habeas petition containing only exhausted claims.

4.  It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."

1  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the
2  dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
3      IT IS SO ORDERED.
4  DATED: 3/28/08        /s/ Ronald M. Whyte
                                          RONALD M. WHYTE
5                                           United States District Judge