*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE RICHARDSON, III, | ) | No. C 04-2712 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION FOR STAY; INSTRUCTIONS TO CLERK |
| vs. | ) ) | |
| | ) | (Docket No. 46) |
| BEN CURRY, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 31, 2008, the court granted in part respondent's motion to dismiss, after finding the petition contained both exhausted and unexhausted claims. The court further ordered petitioner to elect whether to: (1) dismiss the unexhausted claims, and go forward in this action with only the remaining claims; or (2) terminate this action and return to state court to complete the exhaustion of all of his claims before returning to federal court to present all of his claims in a new petition; or (3) request a stay of these proceedings while he exhausts his state court remedies. Petitioner has chosen option three, and has filed a motion to stay this action while he exhausts his unexhausted claims in the state courts.

Good cause appearing, the Court orders as follows:

1. Petitioner's motion for a stay is GRANTED. This action is hereby STAYED

Order Granting Motion for Stay
G:\PRO-SE\SJ.Rmw\HC.04\Richardson712stay.wpd          1

1    while petitioner exhausts his unexhausted claims in the state courts.

2        2.    **If petitioner wishes to have this Court consider any of his unexhausted claims, he must properly present those claims to the California Supreme Court within thirty days of the date this order is filed.  Thereafter, within thirty days of the California Supreme Court's decision, he must file an amended petition in this Court setting forth his newly exhausted claims in addition to any previously exhausted claims he still wishes to have this Court consider.  Rhines v. Webber, 544 U.S. 269, 277-78 (2005) (where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back").**

3        3.    The amended petition must include the caption and civil case number used in this order (No. C-04-2712 RMW (PR)) and the words FIRST AMENDED PETITION on the first page.  The amended petition supersedes the original petition, and petitioner may not incorporate material from the prior petition by reference.  The amended petition must only include exhausted claims, and it must forth all the claims petitioner wishes this Court to consider with sufficient clarity and particularity for respondent to prepare an answer.

4        4.    This stay will be lifted, and this matter will proceed, only upon the filing of the above-described amended petition, or a notice that petitioner has decided to abandon his unexhausted claims and wishes to proceed only with the exhausted claims in the original petition.  If petitioner does not take any further action, this case will remain stayed and he will not receive any ruling by the Court on his petition.

    The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action, and terminate Docket No. 46.  This has no legal effect; it is purely a statistical procedure.  When petitioner informs the court that exhaustion has been completed the case will be administratively re-opened.

    IT IS SO ORDERED.

DATED:  8/8/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Motion for Stay
G:\PRO-SE\SJ.Rmw\HC.04\Richardson712stay.wpd    2