1

2                                                    ͟E͟O͟E͟Z͟C͟Š͟Ò͟Ö͟Æ͟Ä͟H͟Đ͟F͟Đ͟Í͟ E

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   WILLIE RICHARDSON, III,              )   No. C 04-2712 RMW (PR)
                                          )
12            Petitioner,                 )   ORDER GRANTING
                                          )   RESPONDENT'S MOTION TO
13     vs.                                )   DISMISS; DENYING
                                          )   CERTIFICATE OF
14   BEN CURRY, Warden,                   )   APPEALABILITY
                                          )
15            Respondent.                 )   (Docket No. 62.)
     _____)

16

17          Petitioner, a California prisoner proceeding pro se, filed a second amended petition for a

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 23, 2014, respondent filed a motion

19   to dismiss the second amended petition as untimely, or in the alternative, to dismiss the claims as

20   procedurally barred.  Although given an opportunity, petitioner has not filed an opposition.

21   After careful consideration of the pleadings, the court GRANTS respondent's motion to dismiss

22   the petition based on respondent's argument that the claims are procedurally barred.

23                            **PROCEDURAL HISTORY**

24          Petitioner has had a long history with this court.  He filed this action on July 8, 2004.  On

25   September 30, 2005, the court granted respondent's motion to dismiss the petition for failure to

26   exhaust, and directed petitioner to file an amended petition within thirty days.  (Docket No. 13.)

27   Petitioner then filed an amended petition on November 2, 2005.  (Docket No. 14.)  Along with

28   the amended petition, petitioner requested a stay and abeyance so that he could return to the state

     Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
     P:\PRO-SE\RMW\HC old\HC.04\Richardson712mtd.wpd

1  court to exhaust unexhausted claims.  On September 27, 2006, the court denied petitioner's

2  motion to stay as moot because petitioner's claims appeared to be fully exhausted, and granted

3  petitioner an extension of time to file a second amended petition.  (Docket No. 25.)

4       On December 29, 2006, petitioner filed a second amended petition.  (Docket No. 30.)  On

5  May 22, 2007, the court issued an order to show cause why the second amended petition should

6  not be granted.  On July 23, 2007, respondent filed a motion to dismiss the second amended

7  petition as untimely, procedurally barred, or unexhausted.  On March 31, 2008, the court granted

8  in part respondent's motion to dismiss and directed petitioner to elect how he would like to

9  proceed.  (Docket No. 41.)  Petitioner requested the court stay and hold the case in abeyance, and

10 on August 12, 2008, the court granted petitioner's motion.  (Docket No. 47.)

11       Thereafter, on April 8, 2014, the court granted petitioner's motion to lift the stay.

12 However, the court noted that petitioner otherwise failed to comply with the court's August 12,

13 2008 order informing petitioner that, in order for the court to consider any of petitioner's then

14 unexhausted claims, petitioner must properly present those claims to the California Supreme

15 Court within thirty days, and within thirty days of the California Supreme Court's decision, file

16 an amended petition in this court setting forth his newly exhausted claims.  Because petitioner

17 failed to do so, the court dismissed petitioner's unexhausted claims, and ordered that the case

18 proceed only with the exhausted claims, as presented in petitioner's second amended petition.

19       Thus, as grounds for federal habeas relief, petitioner's surviving claims are: (1) he was

20 denied his right to due process because his current crimes of conviction are based upon the

21 insufficient evidence of the uncorroborated testimony of accomplice Niyah Edwards, and (2)

22 there was insufficient evidence to support his convictions.

23       Respondent has now filed a motion to dismiss as untimely, or in the alternative, as

24 procedurally barred.  Because the court agrees that the claims are procedurally barred, it will not

25 address respondent's initial argument that the claims are untimely.

26                                              **ANALYSIS**

27       Respondent argues that petitioner's federal petition is procedurally barred because the

28

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\RMW\HC old\HC.04\Richardson712mtd.wpd

1   California Supreme Court denied petitioner's federal claims with a citation to, inter alia, In re

2   Lindley, 29 Cal. 2d 109 (1947).  Petitioner's petition raises two claims:  (1) petitioner was

3   denied his right to due process because his current crimes of conviction are based upon the

4   insufficient evidence of the uncorroborated testimony of accomplice Niyah Edwards, and (2)

5   there was insufficient evidence to support his convictions.

6        "[F]ederal habeas courts generally may not review a state court's denial of a state

7   prisoner's federal constitutional claim if the state court's decision rests on a state procedural rule

8   that is independent of the federal question and adequate."  Coleman v. Thompson, 501 U.S. 722,

9   722-23 (1991).  The procedural default doctrine bars federal habeas review "unless the petitioner

10  can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

11  federal law, or demonstrate that failure to consider the claims will result in a fundamental

12  miscarriage of justice."  Id. at 724.

13       In petitioner's first state habeas petition to the Superior Court, petitioner raised his two

14  federal claims, as well as a claim of ineffective assistance of counsel.[1]  (Resp. MTD, Ex. 5.)  The

15  Superior Court issued an order denying the petition.  (Id., Ex. 6.)  In the order, the Superior

16  Court stated:

17       II.      Contentions in the Petition

18            Petitioner raises four claims of error.  First, there is insufficient evidence
         to corroborate the testimony of Edwards pursuant to PC 1111, violating due
19       process (14th Amendment).  Second, there is insufficient evidence to sustain a
         conviction of attempted murder and personal use of a firearm.  Third, there is
20       insufficient evidence to sustain the conviction for kidnaping.  And fourth,
         petitioner did not receive effective assistance of counsel in violation of the 6th
21       Amendment.

22       III.     Discussion

23            The court has carefully read the within cause and now denies same for
         the following reasons.  First, habeas corpus cannot be used to review the
24

25 ────────────────────────

   [1]  In the state habeas petition, petitioner separated his insufficiency of the evidence claims
26  into three claims: (1) insufficient evidence based on the uncorroborated testimony; (2)
    insufficient evidence to sustain his conviction of attempted murder and personal use of a firearm;
27  and (3) insufficient evidence to sustain the kidnaping conviction.  Petitioner's two claims in the
28  underlying federal petition combine the latter two insufficiency claims into one.

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\RMW\HC old\HC.04\Richardson712mtd.wpd

1

2

3

sufficiency of the evidence.  Thus, the first three contentions set forth above should have been raised – if at all – on appeal, but were not.  Second, contentions which could have been raised on appeal but were not cannot be renewed in a petition for habeas corpus because habeas corpus cannot serve as a second appeal or a substitute for appeal.  (In re Waltreus (1965) 62 Cal.2d 218, 225.)

4

5

(Id., Ex. 6 at 2.)

6

7

8

9

10

Petitioner then filed in substance the exact same petition to the California Supreme Court.  (Id., Ex. 7.)   The California Supreme Court issued a summary denial, citing to In re Lindley, 29 Cal. 2d 109 (1947), In re Dixon, 41 Cal.2d 756 (1953), In re Swain, 34 Cal. 2d 300 (1949), and People v. Duvall, 9 Cal. 4th 464 (1995).  The California Supreme Court did not, however, specify which citation applied to which claims.

11

12

13

14

15

16

17

18

19

In re Lindley, 29 Cal. 2d 109 (1947) and In re Dixon, 41 Cal.2d 756 (1953) are both adequate and independent state grounds that bar federal review.  See Carter v. Giurbino, 385 F.3d 1194, 1198 (9th Cir. 2004) (concluding that In re Lindley is an independent and adequate state ground); Jackson v. Roe, 425 F.3d 654, 657 n.2 (9th Cir. 2005) ("Dixon sets forth a procedural bar whereby a petitioner is precluded from raising on habeas issues that could have been, but were not, raised on direct appeal.").  On the other hand, In re Swain, 34 Cal. 2d 300 (1949) and People v. Duvall, 9 Cal. 4th 464 (1995) do not necessarily bar federal review.  See Cross v. Sisto, 676 F.3d 1172, 1178 (9th Cir. 2012) (reaffirming that a citation to Swain and Duvall means that the petitioner has not pled his claims with sufficient particularity).  Thus, without more, the California Supreme Court's summary denial is ambiguous.

20

21

22

23

24

25

26

27

28

In general, an ambiguous order cannot preclude federal collateral review.  See Calderon v. United States Dist. Court (Bean), 96 F.3d 1126, 1131 (9th Cir. 1996) (California Supreme Court order that did not specify which of 39 claims was barred by which of several state rules considered ambiguous and therefore insufficient to preclude federal collateral review).  However, case law instructs that federal courts must "ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds."  Koerner v. Grigas, 328 F.3d 1029, 1052 (9th Cir. 2003).  "But if it is impossible for the federal court to ascertain whether such grounds have been relied upon, the state court

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\RMW\HC old\HC.04\Richardson712mtd.wpd

4

1    decision cannot bar federal review." Id.

2         The Ninth Circuit has observed that in some circumstances, a federal court can resolve

3    an ambiguous order. "For example, if the order affirms a previous lower court order that relies

4    on the same grounds and specifies which grounds are applicable to which claims, there is no

5    reason to assume that the appellate court applied different grounds to different claims." Id.

6    Here, although the California Supreme Court did not specify whether In re Lindley or In re

7    Dixon specifically applied to petitioner's two surviving federal claims of insufficiency, this

8    court finds that there is sufficient information to conclude that the California Supreme Court

9    applied both procedural bars to both of petitioner's federal claims. The Superior Court

10   expressly denied the insufficiency claims because habeas corpus cannot be used to review such

11   claims. (Resp. MTD, Ex. 6.) Although it did not cite to In re Lindley, In re Lindley stands for

12   that proposition. The Superior Court also expressly denied the insufficiency claims because

13   they should have been raised on appeal, but were not. (Id.) Although it did not cite to In re

14   Dixon, In re Dixon stands for that proposition.

15        Based on that information, the court is able to resolve the California Supreme Court's

16   ambiguous order, and petitioner's underlying federal claims are procedurally defaulted.

17        In cases in which a state prisoner has defaulted his federal claims in state court pursuant

18   to an independent and adequate state procedural rule, federal habeas review of the claims is

19   barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result

20   of the alleged violation of federal law, or demonstrate that failure to consider the claims will

21   result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. Here, although given

22   an opportunity, petitioner has not argued that his claims are not procedurally defaulted, much

23   less that there was cause and prejudice for the default.

24        Accordingly, petitioner's federal habeas petition is procedurally barred from review.

25                                **CONCLUSION**

26        For the foregoing reasons, respondent's motion to dismiss is GRANTED. The petition

27   is DISMISSED without prejudice. The clerk shall terminate all pending motions and close the

28

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\RMW\HC old\HC.04\Richardson712mtd.wpd

1 file.

2     For the reasons set out in the discussion above, petitioner has not shown "that jurists of

3 reason would find it debatable whether the petition states a valid claim of the denial of a

4 constitutional right [or] that jurists of reason would find it debatable whether the district court

5 was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

6 Accordingly, a certificate of appealability is DENIED.

7     IT IS SO ORDERED.

8 DATED: _____

           *Ronald M. Whyte*

9         RONALD M. WHYTE
        United States District Judge

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
P:\PRO-SE\RMW\HC old\HC.04\Richardson712mtd.wpd

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


RICHARDSON,

          Plaintiff,

  v.

BEN CURRY,

          Defendant.

_____/

Case Number: CV04-02712 RMW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 11, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Willie Richardson T-03382
5-N-34
C.S.P. San Quentin
San Quentin, CA 94974

Dated: March 11, 2015

          Richard W. Wieking, Clerk
          By: Jackie Lynn Garcia, Deputy Clerk